GURTNER, Appellee,

v.

GURTNER, Appellant.

[Cite as *Gurtner v. Gurtner* (1994), 94 Ohio App.3d 236.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–94–1.

Decided April 7, 1994.

*Hatcher, Diller, Rice & Beebe* and *W. Edward Hatcher,* for appellee.

*James E. Hitchcock,* for appellant.

---

HADLEY, Judge.

Defendant-appellant, Lyndon A. Gurtner ("appellant"), appeals from the judgment of the Van Wert County Court of Common Pleas denying his motion for relief from judgment, pursuant to Civ.R. 60(B).

Appellant and plaintiff-appellee, Sandra G. Gurtner ("appellee"), were married in April 1983 in Van Wert, Ohio. Thereafter, they moved to Texas for approximately one year. They then returned to Ohio, and their first child was born. Their next move was to Colorado for approximately four years, in which state their second child was born. From Colorado, they moved to Kansas in June 1988. In late July or early August 1991, appellee moved herself and the children to Van Wert, Ohio.

On September 11, 1991, appellee filed a complaint in the Van Wert County Court of Common Pleas for legal separation from appellant and for custody and support of the children. On the same date, appellee filed her affidavit pursuant to R.C. 3109.27, informing the trial court of the addresses of the parties' children and that at the time of filing the complaint, there was no litigation pending involving the allocation of the parents' rights and responsibilities of the children. Service of the complaint on appellant in Kansas was completed on September 17, 1991.

In a Kansas trial court, appellant filed for divorce from appellee and for custody of the children on October 7, 1991, and service was completed on appellee that same month.

On February 26, 1992, the Kansas trial court hearing appellant's petition for divorce granted the petition and ordered that "[t]he custody of the children of the marriage shall be joint as to the parties with the petitioner having residential custody." The Kansas court stated that it could determine the custody of the parties' children as it was the home state of the children, pursuant to Kan.Stat. Ann. 38–1302(e). On March 3, 1992, appellant's counsel in Kansas mailed a copy of the Kansas trial court's journal order of final divorce and a copy of the final divorce decree to the Van Wert trial court. The letter was filed on March 9, 1992, and both papers were made a part of the Van Wert trial court's record.

On March 18, 1992, the Van Wert trial court filed a judgment entry, wherein it stated that it was the appropriate forum to determine the custody of the parties' children and that it had exclusive jurisdiction over such matter pursuant to R.C. 3109.22. The trial court acknowledged that appellant was a resident of Kansas and that the Kansas trial court had granted appellant's petition for divorce and "other relief." The trial court further found that it was in the best interests of the parties' children that appellee be appointed the legal custodian and residential parent of the children. No appeal was taken from that order.

On July 14, 1993, appellant filed a motion in the Van Wert trial court requesting that court to vacate its prior judgment entry of March 18, 1992, because the trial court was without jurisdiction to determine the parental rights and responsibilities of the parties' children. Memoranda were filed by both parties on the issue.

On December 3, 1993, the Van Wert trial court denied appellant's motion to vacate its prior judgment entry. The trial court stated that, "at the commencement of the within action," Ohio was the home state of appellee and the parties' children. The trial court also stated that:

" * * * at the time of the commencement of the within action, there were no other pending custody cases involving these children in any other state, and that this court, being advised that the defendant had filed a custody action in the State of Kansas subsequent to being served in the within action, proceeded to a determination of custody pursuant to Ohio law, finding that it was in the best interests of the children that this court retain jurisdiction over custody."

Finally, the trial court found that to allow Kansas to exercise jurisdiction, after jurisdiction had already commenced in Ohio, would be contrary to the purpose of the Uniform Child Custody Jurisdiction Act ("UCCJA"). Thus, the trial court determined that its prior judgment entry allocating appellee as the residential parent of the parties' children was not void for want of subject matter jurisdiction. It is from this judgment entry that appellant asserts one assignment of error:

"The trial court erred when it failed to dismiss Sandra Gurtner[']s action for want of jurisdiction."

Appellant argues that the trial court failed to dismiss the action for lack of jurisdiction because the Kansas court had "primary" jurisdiction over the custody action involving the parties' children. Appellant states that he can raise this issue to the trial court one and one-half years after its original judgment entry (March 18, 1992) and for the first time on appeal because the issue of subject matter jurisdiction can be raised at any time.

We disagree with appellant that he can now raise this issue before this court.

■ Appellant relies upon R.C. 3109.22 for his argument that the Kansas court had "primary" jurisdiction over custody of the parties' children. R.C. 3109.22 states:

"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall *exercise that jurisdiction* unless one of the following applies:

"(1) This state is the home state of the child * * *;

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction * * *;

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child * * *;

"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to *exercise jurisdiction* on the ground that this state is the *more appropriate forum* to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction." (Emphasis added.)

A reading of R.C. 3109.22 indicates that this statute does not *vest* subject matter jurisdiction in a court to hear custody matters. The Ohio General Assembly does not have the power to enlarge the jurisdiction of the courts of common pleas beyond the jurisdiction provided in Section 4, Article IV of the Ohio Constitution. *Schario v. State* (1922), 105 Ohio St. 535, 138 N.E. 63. The Ohio Constitution vests the courts of common pleas with their jurisdiction. Section 4, Article IV, Ohio Constitution.

The Ohio General Assembly, with the adoption of the UCCJA provisions in R.C. 3109.21 through 3109.37, has given guidelines to the trial courts in Ohio when they can *exercise* the subject matter jurisdiction given to them in cases involving custody disputes of children.

The prefatory note to the UCCJA states:

"Underlying the entire Act is the idea that *to avoid the jurisdictional conflicts and confusions which have done serious harm to innumerable children,* a court in one state must assume major responsibility to determine who is to have custody of a particular child; that this court must reach out for the help of courts in other states in order to arrive at a fully informed judgment which transcends state lines and considers all claimants, residents and nonresidents, on an equal basis and from the standpoint of the welfare of the child. If this can be achieved, it will be less important *which* court *exercises* jurisdiction but that courts of the several states involved act in partnership to bring about the best possible solution

for a child's future." (Emphasis added.) 9 Uniform Laws Annotated, Part I (1988), at 116–118.

Thus, the UCCJA was designed to resolve disputes involving states which can simultaneously exercise subject matter jurisdiction.

The argument that one court is better suited to determine which parent should have custody of the children does not, in the matter *sub judice*, involve the resolution of whether the Van Wert Court of Common Pleas had subject matter jurisdiction. Rather, appellant's argument is which court (Kansas or Ohio) had the best forum to determine custody of the children. That is a question of the proper *exercise* of jurisdiction and one that should have been raised on an appeal from the Van Wert trial court's March 18, 1992 judgment entry. Appellant waived this assignment of error by not raising it in a timely appeal from the March 18, 1992 judgment entry.

Since appellant could properly have appealed this issue within thirty days from the date of the March 18, 1992 judgment entry awarding custody of the children to appellee, appellant's assignment of error is overruled.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.