DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kristin Snowberger, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, finding that Ohio did not have jurisdiction to determine custody of the parties' children. We reverse.
 I. {¶ 2} Appellant and Appellee, Mark Wesley, Sr., were divorced through a judgment entry entered by the Summit County Court of Common Pleas, Domestic Relations Division, on July 10, 2002. The trial court adopted the findings of the magistrate and made Appellee the residential parent and legal custodian of the couple's four children. On September 19, 2002, Appellant filed a motion to reallocate parental rights and responsibilities. The trial court set a settlement conference on the matter of reallocation of parental rights for March 5, 2003. Appellant appeared at the conference with counsel, while Appellee's counsel attended on his behalf. Subsequently, on March 5, 2003, Appellee registered the Ohio divorce decree in his home state of Maryland, requesting that the decree be given full faith and credit. As a result, the Maryland court ordered that Appellant pay child support to Appellee. Subsequently, the Maryland court's decision on child support was filed in Ohio in April 2003, as requested in the initial divorce decree.
 {¶ 3} On May 12, 2003, the Ohio trial court reversed its prior custody determination and granted custody to Appellant. Appellant filed the modified order in Maryland and, with the help of police, she escorted the children back to Ohio. As a result, Appellee filed an emergency motion for custody in the Maryland court. On July 15, 2003, the Maryland court held that Maryland had exclusive jurisdiction over the children and granted custody to Appellee.
 {¶ 4} On October 3, 2003, Appellee filed a "Motion to Waive Jurisdiction and to Register Foreign Order for Immediate Custody" in the Summit County Court of Common Pleas, Domestic Relations Division. Appellee's motion requested that the trial court waive all prior jurisdiction in this case and rescind its reallocation of parental rights and responsibilities. A hearing was held on this motion on November 7, 2003. On December 10, 2003, the Ohio trial court found that Ohio did not have jurisdiction to rule on the custody of the children. Appellant timely appealed this determination, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in granting maryland jurisdiction, because appellee waived his right to contest jurisdiction."
 {¶ 5} In her first assignment of error, Appellant argues that the trial court erred in its jurisdictional determination because Appellee waived his right to contest jurisdiction. We find that this assignment of error lacks merit.
 {¶ 6} The trial court made no determination regarding the issue of personal jurisdiction. Rather, the court found that Ohio lacked subject matter jurisdiction to determine the custody of the children. A party cannot waive subject matter jurisdiction.Columbus City Sch. Dist. Bd. of Ed. v. Wilkins,101 Ohio St.3d 112, 2004-Ohio-296, at ¶ 20. As such, Appellee could not have waived subject matter jurisdiction in this matter. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in granting jurisdiction to maryland under the uniform child custody jurisdiction act, codified in ohio revised code § 3109.22[.]"
 {¶ 7} Appellant argues in her second assignment of error that the trial court erred in its determination that Ohio did not have jurisdiction pursuant to R.C. 3109.22(A). This Court agrees.
 {¶ 8} Generally, a trial court's decision whether to exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA") should only be reversed upon a showing of abuse of discretion. Bowen v. Britton (1993), 84 Ohio App.3d 473, 478. A trial court only abuses it discretion if it makes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} As a part of the UCCJA, R.C. 3109.22(A) provides as follows:
"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction."
 {¶ 10} However, Section 4, Article IV of the Ohio Constitution prohibits the legislature from enlarging the jurisdiction of the court of the common pleas. See Schario v.State (1922), 105 Ohio St. 535. As such, R.C. 3109.22 cannot be read to vest subject matter jurisdiction in a court to hear custody matters. Rather, the UCCJA, R.C. 3109.22 through R.C.3109.37, "has given guidelines to the trial court in Ohio when they can exercise the subject matter jurisdiction given to them in cases involving custody disputes of children." Gurtner v.Gurtner (1994), 94 Ohio App.3d 236, 239. Thus, the UCCJA was designed in an effort to resolve disputes between states which can simultaneously exercise subject matter jurisdiction. Id. at 240.
 {¶ 11} Additionally, the UCCJA and the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738(A), provide that a state court that has rendered an initial custody decree has exclusive jurisdiction over the ongoing custody if that state has continuing jurisdiction. Justis v. Justis (1998),81 Ohio St.3d 312, 318. In Ohio, "[t]he court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties." Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2.
 {¶ 12} We bear in mind that the Commissioner's Note to Section 7 (R.C. 3109.25) of the UCCJA, reads that "[t]he purpose of this provision is to encourage judicial restraint in exercising jurisdiction whenever another state appears to be in a better position to determine custody of a child." 9 Uniform Laws Anot. 111, 139. However, Appellee never raised the propriety of the Ohio court's exercise of subject matter jurisdiction at any point during the proceedings. That is, Appellee did not argue that Ohio's exercise of subject matter jurisdiction was improper under R.C. 3109.22. Rather, Appellee challenged whether the Ohio court had subject matter jurisdiction to make the custody determination in the first place, asserting in the trial court that he could raise the issue of subject matter jurisdiction at any time. See Gurtner v. Gurtner (1994), 94 Ohio App.3d 236
(holding that challenges to the exercise of the court's discretion under R.C. 3109.22 are not subject matter jurisdiction issues and may not be raised at any time).
 {¶ 13} With regard to subject matter jurisdiction, there is no dispute that Appellant met the residency requirements for filing for divorce in Ohio pursuant to R.C. 3105.03. However, the parties dispute whether the Ohio court ever had personal jurisdiction over Appellee. We find that it did. Appellee's attorney attended a settlement conference, and did not limit his appearance to contesting jurisdiction. Instead, Appellee communicated with his attorney via telephone and aided in reaching a resolution at the settlement conference. As such, Appellee waived any claim that the trial court lacked personal jurisdiction over him. See Maryhew v. Yova (1984),11 Ohio St.3d 154.
 {¶ 14} Therefore, we find that the Ohio court did have subject matter jurisdiction to determine the custody of the parties' children. Since the Ohio court had continuing jurisdiction over the custody dispute, the UCCJA and the PKPA provide Ohio with exclusive jurisdiction to make that determination.
 {¶ 15} We also recognize that the UCCJA is designed to assure that the state with optimum access to the relevant facts makes the custody determination. As such, we make no determination as to whether the trial court could properly waive jurisdiction pursuant to the UCCJA to assure that the proper state court makes the custody determination. Our holding is limited to the determination that the Ohio court had subject matter jurisdiction to make a custody determination. As such, the trial court abused its discretion in finding that Ohio lacked subject matter jurisdiction.
 {¶ 16} Accordingly, Appellant's second assignment of error is sustained.
 III. {¶ 17} Appellant's second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, J., Concurs
Carr, P.J., Dissents, saying:
 {¶ 18} It is clear from the order below that the trial court felt Ohio should not be exercising jurisdiction in this case. That is the critical issue; which court is in the best position to make the determination of custody for the children.
 {¶ 19} The trial court found that the children are not in an emergency situation; i.e. they are not abused or mistreated. The children have always lived in Maryland with their father. The trial court further found that Maryland chose to exercise its jurisdiction over the matter. This determination should not be disturbed.