DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kristin Snowberger, aka Kristin Kaufman, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that waived its jurisdiction over the custody dispute between the parties in this case. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Mark Wesley, Sr., were married in May of 1990 in the State of Maryland. Four children were born during their marriage. In July 2000, the parties separated, and Appellant left Maryland and moved to Ohio, while the children remained in Maryland with Appellee.
 {¶ 3} In March 2002, Appellant filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division. On July 10, 2002, a divorce decree was entered by the court, which also designated Appellee the residential parent and legal custodian of the parties' four minor children. Appellee registered the Ohio divorce decree in his home State of Maryland, and the Maryland court issued a decision ordering Appellant to pay child support.
 {¶ 4} During the course of those filings, Appellant filed a motion to reallocate parental rights and responsibilities. Pursuant to an evidentiary hearing, the Ohio trial court granted custody of the children to Appellant. She then filed the Ohio court's order in the Maryland court and had the children escorted back to Ohio.
 {¶ 5} Appellee then filed an emergency motion for custody in the Maryland court. The Maryland court heard the matter and determined that it had exclusive jurisdiction over the custody matter and granted custody to Appellee. On October 3, 2003, Appellee moved the Ohio court to waive its jurisdiction and to register the Maryland court order which would give him immediate custody of the children. Pursuant to a hearing, the Ohio court issued an order in which it concluded that it did not have jurisdiction to rule on the custody matter. Appellant appealed to this Court from that order, assigning error to the trial court's determination that Ohio courts lacked subject matter jurisdiction to determine the custody of the children.
 {¶ 6} In a decision and journal entry dated September 1, 2004, this Court reversed the judgment of the trial court and remanded the case for further proceedings consistent with our decision, concluding, inter alia, that the trial court abused its discretion in finding that the Ohio court lacked subject matter jurisdiction. Snowberger v. Wesley, 9th Dist. No. 21866, 2004-Ohio-4587, at ¶ 15. We found that because the Ohio court was the court that originally entered the divorce decree, it had continuing jurisdiction over the custody dispute, and also had exclusive jurisdiction to decide the matter pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), R.C. 3109.01, et seq., and the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. 1738(A). Snowberger, at ¶ 14. This Court specifically noted that it made no determination as to whether the trial court could waive jurisdiction pursuant to the UCCJA. Id. at ¶ 15.
 {¶ 7} On remand, the trial court held another hearing, where the court entertained the arguments of both parties but did not take evidence or testimony. Following the hearing, the court waived any further exercise of its jurisdiction in the custody matter, pursuant to R.C. 3109.22. Appellant timely appealed, asserting two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT DID NOT FOLLOW THE SPECIFIC DIRECTION OF THE APPELLATE COURT IN WAIVING JURISDICTION."
 {¶ 8} In her first assignment of error, Appellant argues that the trial court did not take appropriate action pursuant to this Court's decision and remand in the parties' previous appeal. Specifically, Appellant maintains that the trial court was required to hold a hearing upon remand before waiving jurisdiction. We disagree.
 {¶ 9} It is well established that a trial court must follow the mandate of the appellate court. Nolan v. Nolan (1984), 11 Ohio St.3d 1,3-4.
"When this Court, as is its customary practice, remands a case for further proceedings, this does not necessarily mean that we order some sort of hearing to be held upon remand. Rather, this language simply designates that the case is to return to the trial court to `take further action in accordance with applicable law.'" State v. Pendergrass, 9th Dist. No. 04CA008437, 2004-Ohio-5688, at ¶ 10, quoting Chapman v. OhioState Dental Bd. (1986), 33 Ohio App.3d 324, 328.
 {¶ 10} In our decision and journal entry dated September 1, 2004, this Court found that the trial court had exclusive continuing jurisdiction over the custody matter, but explicitly noted that we made no determination as to whether the trial court could properly waive the exercise of its jurisdiction to assure that the proper state court made the custody determination. It is clear from the language of our decision that this Court's remand related only to the trial court's determination as to whether it had jurisdiction, and not to the waiver of that jurisdiction. Our decision, therefore, cannot be read to mandate any specific proceedings with respect to the trial court's waiver of jurisdiction. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN WAIVING JURISDICTION WITHOUT HOLDING AN INCONVENIENT FORUM HEARING PURSUANT TO THE UNIFORM CHILD JURISDICTION ACT, CODIFIED IN OHIO REVISED CODE § 3109.25[.]"
 {¶ 11} In her second assignment of error, Appellant asserts that the trial court erred when it waived exercise of its jurisdiction over the custody matter without holding an evidentiary hearing. We disagree.
 {¶ 12} This Court reviews a trial court's decision to waive jurisdiction under the UCCJA for an abuse of discretion. In re: E.T.,155 Ohio App.3d 718, 2004-Ohio-196, at ¶ 11. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Appellant asserts that the trial court erred in failing to hold an evidentiary hearing in order to perform the proper statutory analysis under the UCCJA. In addition, Appellant argues that the trial court committed reversible error when it relied upon R.C. 3109.22 to reach its decision rather than R.C. 3109.25.[1] We address each of Appellant's contentions in turn.
 {¶ 14} "While an evidentiary hearing may be preferable, failure to conduct a hearing is not necessarily error." In re: E.T., at ¶ 15. Appellant urges this Court to find that this case is distinguishable fromIn re: E.T. While the facts presented in the instant case are distinct from our prior case, its holding is still applicable. At oral argument, Appellant contested several of the facts underlying the trial court's decision to waive jurisdiction. Included among those trial court findings are that Appellant was in arrears in child support and had left Appellee with the children on prior occasions. Those facts, however, are not contested in Appellant's brief as required by App.R. 16, and the trial court's reliance on those facts is not urged as error.
 {¶ 15} In addition, Appellant does not contest several material facts found by the trial court. Appellant admits that the children have resided in Maryland their entire lives until the trial court's order in 2003 granted her custody and she removed them from their father's residence. Appellant has also not challenged the trial court's finding that the children do not have a significant connection to Ohio and that substantial evidence concerning the children is located in Maryland. Instead, Appellant asserts in her brief that the children have a significant connection with Ohio based upon their current residence here and the activities in which they currently participate. This information, however, was presented to the trial court through Appellant's trial brief. The trial court, therefore, had before it evidence of Appellant's contentions that Ohio was an appropriate forum. Accordingly, we find that the failure to provide an evidentiary hearing does not justify reversal of the trial court's decision to waive jurisdiction.
 {¶ 16} Appellant also argues that a hearing is mandated by R.C. 3109.23
because the below proceeding was, in essence, a custody proceeding. This Court, however, had determined that a hearing is not required to proceed under R.C. 3109.25 and we decline to revisit that issue. See In Re:E.T., supra, at ¶ 15.
 {¶ 17} Finally, Appellant argues that the trial court improperly cited R.C. 3109.22 to support its waiver of jurisdiction rather than proceeding under R.C. 3109.25. This Court finds that the trial court's apparent reliance on R.C. 3109.22 does not compel reversal based upon the facts presented.
 {¶ 18} This Court has remanded matters when the trial court has utilized the improper statute to reach a result. See, e.g., In Re: Estateof Rice, 9th Dist. No. 03CA0145-M, 2005-Ohio-3301. However, in Rice, the use of the improper statute also led to an improper analysis by the trial court. The trial court in Rice determined through its analysis whether an executor was suitable, while the proper statutes made no mention of suitability. Id. at ¶¶ 7-11. We find that the similarities between R.C.3109.22 and R.C. 3109.25 require the trial court to conduct substantially the same analysis under either section. To order remand in the instant matter, we would be forced to ignore that the trial court's findings contain nearly identical language to that contained in R.C. 3109.25. We decline to do so.
 {¶ 19} R.C. 3109.25 provides in pertinent part as follows:
"(A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum.
"(B) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
"(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:
"(1) If another state is or recently was the child's home state;
"(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
"(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state[.]" (Emphasis added.)
R.C. 3109.22 provides for the trial court's exercise of jurisdiction as follows:
"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]" (Emphasis added.)
While the above statutes are admittedly designed to serve different functions, the trial court's uncontested findings are applicable to both. In its journal entry, the trial found as follows:
"15. R.C. 3109.22(A)(1) does not apply because the children were not living in Ohio when Wife filed her motion to modify in September 2002, nor had this state become the home state of the children in October 2003, when Father filed his motion to waive jurisdiction.
"16. R.C. 3109.22(A)(2) does not apply because none of the children have a significant connection to this state. Furthermore, after living all their lives in Maryland, that state is the one with substantialevidence concerning the children." (Emphasis added.)
As indicated through the above emphasis, the trial court's journal entry comports with the analysis required by R.C. 3109.25 despite its repeated erroneous references to R.C. 3109.22. Our conclusion is further bolstered by the language of R.C. 3109.25 which provides that a court "may" take the listed factors into consideration. As the trial court clearly determined that Maryland was better suited to make a custody determination, its citations to R.C. 3109.22 do not warrant reversal. We cannot conclude that the trial court acted in an unreasonable or arbitrary manner in waiving jurisdiction in favor of the state of Maryland. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. concur
[1] We note that this subsection was repealed and renumbered effective April 11, 2005. However, R.C. Chapter 3127, per the new revisions, specifically provides that any motions or requests for relief made before the effective date of the new revisions is governed by the law in effect when the motion or request was made. R.C. 3127.53. Because the motion in this case was filed prior to the effective date of the revision, we apply the then-existing version of the UCCJA throughout our opinion.