OPINION
{¶ 1} Fern Williamson nka Humphrey (hereinafter "Humphrey") is appealing the judgment of the Clark County Common Pleas Court Domestic Relations Division, which terminated her shared parenting plan and designated her ex-husband as the sole custodial parent of their child.
 {¶ 2} Humphrey and Williamson were granted a dissolution of their marriage on January 6, 1995. The parties adopted a shared parenting plan for their son, Kassydi J. Williamson, born October 21, 1987. The parties agreed that Humphrey would be designated the "primary residential parent and legal custodian" of Kassydi and Williamson would have "liberal visitation."
 {¶ 3} On September 17, 2002, Williamson filed motions for child support, other equitable relief, and to designate himself as the primary residential parent of the parties. The trial court held three partial days of hearings on the motion and issued a decision on April 17, 2003. The trial court's decision interpreted Williamson's motion as a motion to terminate the shared parenting plan. The trial court did not find a change of circumstances had occurred but did find that it was in Kassydi's best interests for the shared parenting plan to be terminated and for Williamson to be designated the custodial parent. Humphrey has filed this appeal from the trial court's decision.
 {¶ 4} Humphrey raises the following assignment of error:
 {¶ 5} "The Trial Court erred in determining petitioner, Keith D. Williamson's motion for change of custody as a request for termination of the shared parenting agreement rather than a modification of the shared parenting plan."
 {¶ 6} Humphrey asserts that the trial court erred in interpreting Williamson's motion as a motion to terminate the shared parenting plan and ordering such a termination when the motion was only for the modification of the shared parenting plan and in terminating the shared parenting plan despite failing to find a change of circumstances warranting the termination. We disagree.
 {¶ 7} R.C. 3109.04 states:
 {¶ 8} "(A) In any divorce, legal separation or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed pursuant to section 3109.052 of the Revised Code and in accordance with sections 3109.21 to 3109.36 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. Subject to division (D)(2) of this section, the court may allocate the parental rights and responsibilities for the care of the children in either of the following ways:
 {¶ 9} "(1) If neither parent files a pleading or motion in accordance with division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residentialparent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.
 {¶ 10} "* * *
 {¶ 11} "(E) * * * (2) In addition to a modification authorized under division (E)(1) of this section:
 {¶ 12} "* * *
 {¶ 13} "(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under Division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division D) (1)(a) (ii) or (iii) of this section of it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.
 {¶ 14} "* * *" (Emphasis added.)
 {¶ 15} A domestic relations court may terminate a shared parenting order either upon the motion of either parent or simply whenever the court determines that shared parenting is no longer in the best interest of the children. Meyer v. Anderson, Miami App. No. 01CA 53, 2002-Ohio-2782; R.C. 3109.04(E)(2)(c). We have stated that due to R.C. 3109(E)(2)(c), a trial court is not required to find a change in circumstances before terminating a shared parenting plan. Massengill v.Massengill (Mar. 23, 2001), Montgomery App. No. 18610 citing Quesenberryv. Quesenberry (Nov. 6, 1998), Champaign App. No. 98 CA 1 and Goetze v.Goetze (Mar. 27, 1998), Montgomery App. No. 16491. Further inMassengill, we distinguished Miller v. Miller (1996), 115 Ohio App.3d 336, stating that Miller involved the modification of a shared parenting plan rather than the termination of a shared parenting plan. Massengill,
supra. We stated that Miller stood for the principle that a change in circumstances must be found before a trial court could modify a shared parenting plan, but that the trial court need not make such a finding in order to terminate a shared parenting plan. Id.
 {¶ 16} Initially, Humphrey argues that the trial court erred in construing Williamson's motion as a motion to terminate the shared parenting plan. Williamson's motion was headed "Motion for Change of Custody" and sought from the court "an order designating Petitioner, Keith D. Williamson, as primary residential parent of the parties' child, Kassydi Jaymes Williamson * * *". We believe the trial court could have reasonably concluded that Williamson was seeking the termination of the shared parenting plan. R.C. 3109.04 (A)(1) authorizes the trial court to designate a "residential parent" for a child when a shared parenting plan will not be implemented. Therefore, this provision of the statute implies that the concept of a "residential parent" and a shared parenting plan are inconsistent. As such, the trial court could have reasonably determined that Williamson's motion to be designated the "residential parent" essentially sought to terminate the shared parenting plan. We cannot say that the trial court erred in interpreting Williamson's motion as a motion to terminate the shared parenting plan.
 {¶ 17} Additionally, Humphrey argues that the trial court erred in terminating the shared parenting plan without finding that a change in circumstances had occurred. Humphrey argues based on Miller that the trial court needed to find that a change in circumstances had occurred in order to terminate the shared parenting order. However, as we stated inMassengill, the trial court need not find a change in circumstances in order to terminate a shared parenting plan so long as it determines that the termination of the shared parenting plan would be in the child's best interests. In its decision, the trial court made the finding that terminating the shared parenting plan and placing Kassydi in Williamson's custody was in the boy's best interest. Thus, the trial court did not err in terminating the shared parenting plan even though no change in circumstances was found.
 {¶ 18} The trial court did not err by interpreting Williamson's motion as a motion to terminate the shared parenting plan or by terminating the shared parenting plan without finding that a change in circumstances had occurred. Humphrey's assignment of error is without merit and is overruled.
 {¶ 19} The judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.