OPINION
{¶ 1} Appellant, David Hart, appeals the decision of the Clinton County Court of Common Pleas granting permanent custody of his biological daughter, K.S., to the Clinton County Children Services Board. We affirm the decision of the trial court.
 {¶ 2} Appellant is the biological father of K.S., born July 21, 1993. On December 13, 1999, K.S. was placed in the custody of the Clinton County Children Services Board ("CCCSB") due to her mother's drug dependency and her father's absence. She has since remained in the custody of CCCSB. When her mother did not respond to case plan services, CCCSB filed a motion requesting permanent custody of the child. At the time of the motion appellant had not seen his daughter, nor provided for her support, for a period of some years. CCCSB was unable to locate appellant and consequently served him by publication. A hearing on the permanent custody motion was set for March 1, 2002.
 {¶ 3} On February 19, 2002, appellant was arrested on an outstanding warrant and held in the Clinton County Jail until March 5, 2002. The permanent custody hearing took place as scheduled on March 1, 2002. Appellant first became aware of the permanent custody proceeding when, at a March 28, 2002 pretrial related to his criminal charges, a CCCSB caseworker informed him that the permanent custody hearing had taken place earlier in the month.
 {¶ 4} The permanent custody motion was granted in an entry filed April 11, 2002. Appellant filed a Civ.R. 60(B) motion to set aside judgment alleging that he had not been properly served. The trial court granted appellant's motion and set aside its entry granting permanent custody of K.S. to CCCSB. CCCSB appealed this decision, and this court affirmed the trial court's decision granting the motion. See In re K.S., Clinton App. No. CA2002-11-042, 2003-Ohio-2371.
 {¶ 5} In September 2002, appellant was sentenced to a three-year prison term upon his felony assault conviction. A new hearing on the permanent custody motion was held on November 6, 2003. At this hearing, the testimony and evidence from the March 1, 2002 trial were admitted into evidence without objection, and CCCSB rested its case. Appellant was then provided an opportunity to cross-examine the witnesses called by CCCSB and given an opportunity to present his own evidence. Upon consideration of the evidence and testimony, the trial court granted the motion for permanent custody. Appellant appeals, raising a single assignment of error, alleging that the trial court's decision is contrary to the manifest weight of the evidence.[1]
 {¶ 6} Before severing a parent's constitutionally protected liberty interest in the care and custody of his child, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met.Santosky v. Kramer (1982), 455 U.S. 745, 759, 769,102 S.Ct. 1388. Clear and convincing evidence requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Appellate review of a trial court's decision finding clear and convincing evidence is limited to determining whether "sufficient credible evidence" exists to support the trial court's determination. In re Ament (2001), 142 Ohio App.3d 302,307; In re Starkey, 150 Ohio App.3d 612, 2002-Ohio-6892, at ¶16.
 {¶ 7} Appellant argues that the trial court's decision to grant CCCSB permanent custody of K.S. is contrary to the manifest weight of the evidence, because CCCSB failed to prove by clear and convincing evidence that K.S. could not be placed with him within a reasonable time. In furtherance of this contention, appellant argues that CCCSB failed to implement a case plan that he could have completed in order to gain custody of K.S. We find this argument unpersuasive.
 {¶ 8} Pursuant to R.C. 2151.414(B)(1), a trial court may grant permanent custody of a child to a state agency if the court finds by clear and convincing evidence, that it is in the child's best interest to do so, and that any one of the following circumstances apply:
 {¶ 9} "(a) The child * * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 {¶ 10} "(b) The child is abandoned;
 {¶ 11} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody;
 {¶ 12} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 13} In the present case, the trial court found that it was in the child's best interest that CCCSB be awarded permanent custody, and that the child has been in the temporary custody of CCCSB for twelve or more months of a consecutive 22-month period ending on or after March 18, 1999. See R.C. 2151.414(B)(1)(d). The trial court further found that K.S. could not be placed with either parent within a reasonable time. Review of the record demonstrates that there was clear and convincing evidence presented to support these findings.
 {¶ 14} We find unpersuasive appellant's contention that CCCSB failed to implement a reasonable case plan to assist him in gaining custody of K.S. The evidence demonstrated that appellant intentionally avoided contact with CCCSB and his daughter during the proceeding. CCCSB, despite its reasonable efforts, was unable to locate appellant until it was discovered that he was incarcerated. Appellant had no contact with K.S. since she was placed in the custody of CCCSB in December 1999. Appellant had not contributed to the financial support of K.S. for at least five years. Further demonstrating the futility of attempting to develop a case plan is appellant's present incarceration which will continue until at least July 2005.
 {¶ 15} Upon review of the record we conclude that there was ample evidence presented to support the trial court's findings that CCCSB made reasonable efforts at reunification and that granting CCCSB permanent custody of K.S. is in her best interest. The assignment of error is overruled.
 {¶ 16} The Judgment is affirmed.
Judgment affirmed.
Young, P.J., and Valen, J., concur.
[1] We note that appellant has failed to support his assignment of error with citations to legal authority as required by App.R. 16(A)(7). This failure alone merits overruling the assignment of error. App.R. 12(A)(2); Meerhoff v. Huntington Mortgage Co.
(1995), 103 Ohio App.3d 164, 169. However, due to the nature of the proceeding, and in the interest of justice, we will review the assignment of error as though it had been properly argued.