JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, Lori A. Tomaszewski ("Lori"), claims that the trial court erred in adopting the magistrate's decision that granted defendant-appellee, David J. Tomaszewski's ("David"), motion to modify the shared parenting plan and his child support obligation. For the reasons set forth below, we affirm in part; reverse in part and remand for further proceedings.
 {¶ 2} On August 17, 1995, the parties were divorced. The original decree named Lori as residential parent of the parties two minor children, Rachel (born 1989) and Nicole (born 1992), and awarded David visitation.
 {¶ 3} On August 13, 2003, the parties entered into an agreement to modify the shared parenting plan. Pursuant to the terms of this agreement, David was designated the residential parent of Rachel[1] and Lori remained the residential parent of Nicole. This agreement specifically provided that if David filed a motion to seek custody of Nicole by the end of 2003, the trial court could consider changes in the circumstances of the parties from the date of divorce through the present.
 {¶ 4} On November 19, 2003, David filed a motion to modify the shared parenting plan, seeking custody of Nicole. Hearings on this motion were held on July 19 and 20, 2004 and January 12 and 13, 2005 before a magistrate. On January 14, 2005, an in-camera interview of Nicole was conducted. The GAL for the child filed a report recommending that Nicole reside with David.
 {¶ 5} On February 1, 2005, the magistrate issued his decision granting David's motion to modify the shared parenting plan and designating him as the residential parent and legal custodian of Nicole. Lori was awarded parenting time according to long distance visitation guidelines set by Franklin County. Finally, Lori was ordered to pay child support to David.
 {¶ 6} On June 1, 2005, Lori filed objections to the magistrate's decision. On August 17, 2005, the trial court overruled the objections and adopted the magistrate's decision.
 {¶ 7} Lori raises six assignments of error in her brief before us.
 {¶ 8} "I. The trial court erred and abused its discretion in modifying the prior shared parenting plan in the absence of changed circumstances under Ohio Revised Code Section 3109.04(E)(1)(a)."
 {¶ 9} In her first assignment of error, Lori argues that the trial court failed to find a change in circumstances as required under R.C. 3109.04(E)(1)(a) before it modified the shared parenting agreement. In response, David argues that the shared parenting agreement was terminated rather than modified, and as such, the trial court only needed to consider the best interest of the child under R.C. 3109.04(E)(2)(c).
 {¶ 10} Pursuant to R.C. 3109.04(E)(2)(c), a domestic relations court may terminate a shared parenting order either upon the motion of either parent or simply whenever the court determines that shared parenting is no longer in the best interest of the children. Meyer v. Anderson, Miami App. No. 01CA 53, 2002-Ohio-2782. Under R.C. 3109.04(E)(2)(c), a trial court is not required to find a change in circumstances before terminating a shared parenting plan. Myers v. Myers (2003),153 Ohio App.3d 243, 248-50; Massengill v. Massengill (Mar. 23, 2001), Montgomery App. No. 18610; Quesenberry v. Quesenberry
(Nov. 6, 1998), Champaign App. No. 98 CA 1.
 {¶ 11} Here, David filed a motion to modify shared parenting and sought an order from the court designating him as the primary residential parent of Nicole. Although not specifically designated as such, we do not find the trial court erred in interpreting David's motion to be designated the "residential parent" as a motion to terminate the shared parenting plan. SeeWilliamson v. Williamson, Clark App. No. 2003 CA 30,2003-Ohio-6540 (the concept of a "residential parent" and a shared parenting plan are inconsistent since R.C. 3109.04 (A)(1) authorizes the trial court to designate a "residential parent" for a child when a shared parenting plan will not be implemented.) Accordingly, the trial court was not required to find a change in circumstances in order to terminate the shared parenting plan as long as it determined that the termination of the shared parenting plan would be in Nicole's best interests. Ibid.
 {¶ 12} Here, the trial court found that the benefits from terminating the shared parenting plan were in Nicole's best interest. The trial court also noted that a change in circumstances had occurred.[2] Specifically, the trial court noted that both David and Lori had remarried and have stepchildren with their new spouses, that Rachel had moved from Lori's residence to David's, and that Nicole is having reading and comprehension problems in school. Based on this record, we cannot say the trial court abused its discretion in terminating the shared parenting agreement and designating David as the residential parent.
 {¶ 13} The first assignment of error is overruled.
 {¶ 14} "II. The trial court erred and abused its discretion in not affirming the wishes and concerns of the minor child to reside with appellant."
 {¶ 15} In this assignment of error, Lori argues that the trial court erred in not following the wishes of Nicole to remain in her custody.
 {¶ 16} R.C. 3109.04(F)(1) specifies the factors that the trial court should consider when determining the child's best interests. Among the factors to be considered under R.C.3109.04(F)(1) is the child's wishes and concerns as to the allocation of parental rights and responsibilities as expressed to the court during the court's interview of the child. R.C.3109.04(F)(1)(b). However, a child's wishes are not controlling upon the trial court and are only one of among several factors a trial court considers when determining what is in the child's best interest. In re Bradford, Franklin App. No. 01AP-1151, 2002-Ohio-4013, at ¶ 49; Schottenstein v. Schottenstein,
Franklin App. Nos. 00AP-1088, 00AP-1284, 01AP-36, 01AP-94, 01AP-95, 01AP-227, 2001-Ohio-3987 ("we affirmatively draw the distinction between determining the wishes/concerns of the children and following the wishes/concerns of the children in making the allocation of parental rights and responsibilities in the divorce decree.")
 {¶ 17} Here, the trial court delineated its findings with regard to each of the statutory factors set forth in R.C.3109.04(F)(1), including R.C. 3109.04(F)(1)(b), in determining that shared parenting would not be in Nicole's best interest and that Nicole's best interest would be served by designating David her residential parent and legal custodian. The court noted that both parents wanted to be the primary residential parent of Nicole and that Nicole expressed her wishes to remain with Lori, but that she missed living with her sister Rachel, since she had gone to live with David. The court also found that Nicole was well-adjusted to her home, school and community, that David would be more likely to honor and facilitate court-approved parenting time, and that the GAL stated that Nicole's wishes regarding whether she wants to reside with her mother or father change from time to time. Accordingly, we find that the evidence at trial was sufficient to support the trial court's ultimate finding regarding the allocation of parental rights and responsibilities.
 {¶ 18} The second assignment of error is overruled.
 {¶ 19} "III. The trial court erred and abused its discretion in making findings of fact that are inconsistent with the evidence."
 {¶ 20} In the third assignment of error, Lori asserts that the magistrate's findings of fact are not consistent with Nicole's testimony. Lori cites to three instances in the record: (1) the magistrate found that "Nicole wishes to remain in Defendant's home," (2) "She [Nicole] is concerned, however, about how much she misses her sister Rachel, since Rachel went to reside primarily with Defendant," and (3) the child's [Nicole] interrelationship with her sister could be changing insofar as they are living separate; this concerns Nicole." Specifically, Lori argues that Nicole clearly stated she wanted to live with her and not David and that Nicole never said she was "concerned" about her relationship with Rachel.
 {¶ 21} First, the trial court found the first "inconsistency" to be a typographical error and corrected it to properly read "Nicole wishes to remain in Plaintiff's home." Next, with regard to Nicole's "concerns" over her relationship with her sister, the transcript shows that Rachel testified that she missed her sister and would like to live with her. The Magistrate was present during this interview and was in a position to determine how the child said these statements, the tone of her voice, and the look upon her face as they were said. The Magistrate could reasonably have determined that these were "concerns" for Nicole. Accordingly, we do not find any inconsistencies in the Magistrate's Decision as adopted by the trial court.
 {¶ 22} The third assignment of error is overruled.
 {¶ 23} "IV. The trial court erred and abused its discretion in considering and adopting the recommendation of the Guardian Ad Litem."
 {¶ 24} In this assignment of error, Lori asserts that the GAL's recommendation that Nicole live with David is not supported by the evidence.
 {¶ 25} The function of a GAL is to secure for such child a proper defense or an adequate protection of her rights. However, the "ultimate decision in any proceeding is for the judge and not for the representative of the parties." In re Height (1975),47 Ohio App.2d 203, 206. A GAL's duties include investigating one or more such areas and delivering a report and recommendation regarding the child's best interests. In re Baby Girl Baxter
(1985), 17 Ohio St.3d 229, 232.
 {¶ 26} Here, we find that the GAL's investigation — interviews with Lori, David, Nicole, Nicole's teacher, principal, and guidance counselor, visits with Nicole's stepmother and stepsiblings — sufficient to support her recommendation. The GAL found that Lori does not encourage Nicole to have a healthy ongoing relationship with David or Rachel. The GAL found that Nicole has an excellent relationship with David and his new wife and their children in Kentucky. Lori's suggestion that the GAL's report was unsupported by an inadequate investigation is simply not supported by the record.
 {¶ 27} Finally, we note that a "trial court must determine the guardian ad litem's credibility and determine the weight to be given to any report." In the matter of Sydney J. (Sept. 30, 1999), Ottawa App. No. OT-99-026; Kohlman v. Kohlman (Sept. 24, 1993), Ottawa App. No. 92-OT-046. A trial court is not bound by such recommendation. In re D.B., Cuyahoga App. No. 82450, 2004-Ohio-996; In re Bunch (Aug. 3, 2000), Cuyahoga App. No. 76493.
 {¶ 28} The fourth assignment of error is overruled.
 {¶ 29} "V. The trial court erred and abused its discretion by incorporating the Franklin County model visitation schedule for parents traveling over 90 miles."
 {¶ 30} In this assignment of error, Lori asserts that the trial court erred in incorporating the Franklin County model visitation schedule into the shared parenting plan because neither parent resides in Franklin County, Ohio.
 {¶ 31} Here, David resides in Kentucky and Lori resides in Cuyahoga County, Ohio. Cuyahoga County does not have a standard visitation schedule with regard to long distance visitation. Accordingly, the trial court was within its discretion to base the parties' visitation schedule on the Franklin County model, which does provide for reasonable visitation when the parents live more than three and one-half hours apart.
 {¶ 32} The fifth assignment of error is overruled.
 {¶ 33} "VI. The trial court erred and abused its discretion in modifying the child support for both children and the health insurance order in the absence of the mandated verified income data and in the absence of any request for the modification by the appellee."
 {¶ 34} In the final assignment of error, Lori argues that the trial court erred in modifying the child support orders and health insurance provisions of the shared parenting plan without any evidence of income or need. During oral arguments, David conceded this error. Accordingly, this issue is remanded to the trial court to comply with R.C. 3119.05 and determine the parties current income for purposes of child support and health insurance.
 {¶ 35} The sixth assignment of error is sustained.
Judgment affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
 Dyke, A.J., concurs in judgment only.
[1] Rachel moved to Kentucky with her father and Nicole remained in Ohio with her mother.
[2] Under R.C. 3109.04(E)(2), the trial court was only required to find that terminating the shared parenting agreement was in the best interests of the child. Thus, any comments that the trial court made in its judgment entry relative to a change in circumstances were, in essence, dicta. See Myers, supra at 250;Hanson v. Kynast (1987), 38 Ohio App.3d 58, 60.