OPINION
{¶ 1} Defendant-appellant, D.G., appeals the decision of the Clinton County Common Pleas Court, Juvenile Division, to terminate her shared parenting agreement and place her daughter with the child's father.
 {¶ 2} In 2004, plaintiff-appellee, A.S. ("father"), filed a motion to modify or terminate the parties' shared parenting agreement. Appellant, who provided and was served at *Page 2 
addresses in the state of North Carolina, reportedly appeared for a court hearing leading up to the evidentiary hearing, but failed to appear for an October 2005 hearing.
 {¶ 3} The magistrate received evidence from the father and issued a decision terminating the shared parenting agreement and naming father the legal custodian and residential parent. Appellant filed objections to the magistrate's decision.
 {¶ 4} The trial court overruled most of the objections, but found two of appellant's arguments well taken. Namely, the trial court agreed that appellant, instead of father, should receive an income tax exemption for the child for 2005, and acknowledged that the magistrate failed to attach a child support worksheet to the decision. The trial court remanded the case back to the magistrate with orders to issue an amended decision to reflect the 2005 exemption change and to attach a completed child support worksheet.
 {¶ 5} When the magistrate issued an amended decision, appellant again filed objections, offering some of the same objections previously ruled upon by the trial court and additional objections she had not previously raised. The trial court considered the new objections, overruled them, and adopted the magistrate's decision. Appellant appeals, presenting four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT DENIED THE CONTINUANCE REQUESTED BY COUNSEL."
 {¶ 8} As previously discussed, the record indicates that appellant failed to appear for the evidentiary hearing on father's motion set before a magistrate. The hearing was postponed for more than an hour to give appellant an opportunity to appear or contact the court. Appellant's trial counsel provided no explanation for appellant's absence, detailed his contacts with and attempts to contact his client, and then requested a continuance on her behalf. The trial court denied the motion. *Page 3 
 {¶ 9} Appellant now argues that the trial court erred in denying the continuance because she was ill the day of the hearing and she did not receive proper notice of the hearing date.
 {¶ 10} Appellant's brief fails to cite to any legal authority to support her assignment of error. See App. R. 16(A)(7) (appellant shall include in brief argument with respect to each assignment of error and the reasons in support, with citations to the authorities, statutes, and part of record upon which appellant relies).
 {¶ 11} An appellate court may disregard an assignment of error, pursuant to App.R. 12(A)(2), if appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7).Capital One Bank v. Branch, Franklin App. No. 05AP-441, 2005-Ohio-5994, ¶ 6;Meerhoff v. Huntington Mortgage Co. (1995), 103 Ohio App.3d 164,169 (where appellant fails to present any citations to case law or statutes in support of his assertions, court will disregard this assignment of error under App. R. 12); In re K.S., Clinton App. No. CA2003-12-029, 2004-Ohio-2208, fn.1.
 {¶ 12} Appellant filed two sets of objections, but raised the issue of lack of service for the first time in this court. Failure to raise the issue of lack of service with the trial court results in waiver of this argument on appeal, absent plain error. Imhoff v. Imhoff, Clermont App. No. CA2003-09-075, 2004-Ohio-3013, ¶ 10; see, also, In re McClain (April 22, 2002), Licking App. No. 01 CA 92; Juv. R. 40(E)(3)(d) (failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal); see Civ. R. 12(H) (waiver of defenses and objections not raised).
 {¶ 13} As this court finds no plain error, appellant's first assignment of error is overruled. *Page 4 
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT ASSUMED JURISDICTION OVER THE PARTIES AND SUBJECT MATTER."
 {¶ 16} Appellant argues that she and the child have lived in North Carolina "for some time," and, therefore, "jurisdiction of this action is proper in the state of North Carolina" and Ohio is an inconvenient forum.
 {¶ 17} It is undisputed between the parties that the Clinton County, Ohio Juvenile Court issued the initial custody decree in this matter. We find no evidence in the record that any custody proceeding had or was taking place in North Carolina or any other states where appellant was living. The record does not indicate that appellant ever raised questions regarding jurisdiction or the exercise of jurisdiction while she participated in the Ohio court proceedings for more than a year. Appellant only raised the issue on her second set of objections after the magistrate issued the amended decision.
 {¶ 18} Nevertheless, the trial court ruled that it would continue to exercise jurisdiction and was the proper forum for the case because it issued the original parenting decree between the parties and father continued to live in Ohio.
 {¶ 19} Appellant asked the trial court to overrule the magistrate on the question of jurisdiction by applying R.C. Chapter 3127, but the trial court declined to reverse the magistrate's decision. Arguing the same statutory scheme here, appellant has, likewise, asked this court to overrule the trial court on the jurisdictional questions.
 {¶ 20} Appellant's arguments in the trial court and this court notwithstanding, we review this issue under R.C. 3109.21 through R.C.3109.37, which was the law in effect at the time father filed his custody motion in 2004. See Snowberger v. Wesley, Summit App. No. 22431,2005-Ohio-3628, fn. 1; R.C. 3127.53; In re Kennedy, Hamilton App. No. C-060758, 2007-Ohio-548, ¶ 8 (where parent filed motions before effective date of new statutes, R.C. 3109.22 *Page 5 
applied).[1]
 {¶ 21} First, we find that appellant waived any issues related to personal jurisdiction by appearing and participating in the court proceedings on father's motion. See Logan v. Powell (March 30, 1998), Brown App. No. CA97-09-017; Harris v. Mapp, Franklin App. No. 05AP-1347,2006-Ohio-5575, ¶ 9-12; see also Civ.R. 12(H).
 {¶ 22} Further, we find from the record before us that the trial court did not abuse its discretion in finding and exercising jurisdiction over the subject matter in this custody matter. See Snowberger v.Wesley, Summit App. No. 21866, 2004-Ohio-4587, at ¶ 8; cf., generally,Justis v. Justis, 81 Ohio St.3d 312, 1989-Ohio-626; see, also, R.C.3109.22 (no court of this state that has jurisdiction to make a parenting determination shall exercise that jurisdiction unless * * * it is in the best interest of child that this state court assume jurisdiction when child and at least one contestant have a significant connection to Ohio, and there is available substantial evidence concerning the child's present or future care, protection, training, and personal relationships).
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "THE TRIAL COURT ERRED WHEN IT DID NOT CONSIDER THE HARM TO THE CHILD CAUSED BY A CHANGE IN ENVIRONMENT WEIGHED AGAINST ANY ADVANTAGES OF THE CHANGE." *Page 6 
 {¶ 26} Appellant argues that the trial court erred when it found a change of circumstances and changed custody, while failing to weigh whether the harm from a change of environment was outweighed by the advantages of the change.
 {¶ 27} Again, we note that appellant filed two sets of objections, but did not raise the argument that the magistrate failed to balance the "harm" with the "advantages," and she has, therefore, waived all but plain error. See Pierson v. Pierson, Warren App. No. CA2004-04-042,2005-Ohio-5295, ¶ 9-10; Juv.R. 40(E)(3)(d).
 {¶ 28} For our plain error analysis, we are mindful that R.C.3109.04(E) (1 )(a), stated, at the time father filed his motion, that: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: * * *
 {¶ 29} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 30} In the case at bar, father filed a motion to modify or terminate the shared parenting plan. In its decision, the trial court terminated the shared parenting plan and named father the residential parent and legal custodian of the child, finding such termination in the child's best interest.
 {¶ 31} This court has held that the requirement in R.C. 3109.04(E) (1 )(a) for finding a change in circumstances is not triggered when there is a request to terminate a shared *Page 7 
parenting agreement. Zmyslo v. Zmyslo (Dec. 2, 1996), Warren App. No. CA96-02-016; In Matter of Wright (May 27, 1997), Brown App. No. CA96-10-019; Gambrell v. Gambrell (Jan. 31, 2000), Preble App. No. CA99-04-011.
 {¶ 32} And other courts agree that pursuant to R.C. 3109.04(E)(2)(c), the trial court is not required to find a change in circumstances before terminating a shared parenting plan. Myers v. Myers, 153 Ohio App.3d 243,2003-Ohio-3552, ¶ 30-42; Williamson v. Williamson, Clark App. No. 2003CA30, 2003-Ohio-6540, ¶ 6-18; Lopez v. Lopez, Franklin App. No. 04AP-508, 2005-Ohio-1155, ¶ 24 (provisions for termination must be viewed as existing independently of those provided for modification, and under R.C. 3109.04(E)(2)(c), no mention of a change of circumstances is made); cf. Dobran v. Dobran (Sept.1, 1999), Mahoning App. No. 97 CA 166; contra, Inbody v. Inbody (June 5, 1995), Hancock App. Nos. 5-94-37, 5-94-46; Oliver v. Arras, Tuscarawas App. No. 2001 AP 11 0105, 2002-Ohio-1590 (R.C. 3109.04(E)(2)(c) is subordinate to the general provision of R.C. 3109.04(E)(1)(a) and both must be considered to terminate shared parenting plan).
 {¶ 33} R.C. 3109.04(E)(2)(c), states that the court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D) (1 )(a)(i) of this section upon the request of one or both of the parents or whenever it determines that the shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children.
 {¶ 34} Father asked the trial court to modify, or in the alternative, terminate the shared parenting plan, and the trial court found it appropriate to terminate the plan. Accordingly, the trial court in the instant case was not required to find a change of circumstances or balance the "harm" of an environment change against the advantages in order to terminate the shared *Page 8 
parenting plan, as long as the trial court determined that termination of the plan was in the child's best interests, and the trial court here made such findings. See Tomaszewski v. Tomaszewski, Cuyahoga App. No. 86976, 2006-Ohio-3357, ¶ 10; see, also, Myers, 2003-Ohio-3552 at ¶ 41 (since court only required under R.C. 3109.04(E)(2) to find that terminating shared parenting was in child's best interests, any comments made in its judgment entry relative to a change of circumstances were superfluous).
 {¶ 35} Appellant's third assignment of error is without merit and is overruled.
 {¶ 36} Assignment of Error No. 4:
 {¶ 37} "THE TRIAL COURT ERRED WHEN IT FOUND THE CHILD'S BEST INTERESTS WERE SERVED BY A CHANGE OF CUSTODY WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 38} Appellant argues under this assignment of error that the trial court erred because it did not consider the harm to the child by the change of custody, had very limited evidence of the child's conditions, and made assumptions that the child could adapt to the father's household.
 {¶ 39} The standard of review in custody cases is whether the trial court abused its discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,74. The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. Id. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. CE. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 280.
 {¶ 40} Pursuant to R.C. 3109.04(E)(2)(c), the relevant inquiry is whether the trial court abused its discretion when it determined that shared parenting was no longer in the best *Page 9 
interest of the parties' child. Lopez v. Lopez, 2005-Ohio-1155 at ¶ 27.
 {¶ 41} According to R.C. 3109.04(F)(1): "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of the children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 42} "(a) The wishes of the children's parents regarding the child's care;
 {¶ 43} "(b) If the court has interviewed the child in chambers, * * * the wishes and concerns of the child, as expressed to the court;
 {¶ 44} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 45} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 46} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 47} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 48} "(g) Whether either parent has failed to make all child support payments, including all arrearages * * *;
 {¶ 49} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *;
 {¶ 50} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 51} Additionally, R.C. 3109.04(F)(2) provides factors for a court to consider when determining whether shared parenting is in a child's best interest, which include: (a) The ability of the parents to cooperate and make decisions jointly, with respect to the children; (b) The *Page 10 
ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent; (d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting; (e) The recommendations of the guardian ad litem of the child, if the child has a guardian ad litem. See Lopez, at ¶ 29.
 {¶ 52} The trial court made numerous findings related to the best interest factors, including the finding that father had a "loving" relationship with the daughter, but the parties no longer cooperated and communicated with each other regarding the child. The trial court adopted the statement that the shared parenting plan should also be terminated because appellant had "exhibited a continual disregard for [father's] parenting time."
 {¶ 53} Appellant takes issue with the trial court's decision citing the lack of evidence regarding the child's current conditions. Certainly, any additional evidence regarding the child would have assisted the trial court with its difficult decision, but the lack of evidence rests on appellant's shoulders when she failed to appear at the final hearing and apparently had no other evidence and witnesses testifying in her absence. The trial court received evidence from the father regarding how the child would integrate into his home and her care and relationships in Ohio.
 {¶ 54} The trial court's decision was supported by competent, credible evidence in the record, and we do not find that the trial court abused its discretion in its decision. Appellant's fourth assignment of error is overruled.
 {¶ 55} Judgment affirmed.
BRESSLER and WALSH, J.J., concur.
[1] The magistrate made a finding that the Ohio court had personal and subject matter jurisdiction over the case, but did not list the statute he was applying. Appellant never challenged the magistrate's jurisdictional findings as it pertained to which law to apply and did not request further findings of fact and conclusions of law on that issue from the magistrate. Accordingly, we will presume the regularity of the proceedings and the application of the correct law by the magistrate. See, e.g., Allstate Financial v. Westfield Serv. Mgt (1989),62 Ohio App.3d 657, 662; DeCapua Enterprises, Inc. v. E.V. BishoffCo. (Nov. 5, 1998), Franklin App. No. 98AP-242 (absent request for separate findings of fact and conclusions of law, we must presume regularity of the proceedings and presume proper rules of law applied). *Page 1