DECISION.
{¶ 1} Defendant-appellant Julie McClendon appeals her conviction for assault[1] stemming from an altercation with Othniel Fitzhugh. She argues that the trial court erred when it denied her Crim.R. 29(A) motion for an acquittal, and that her conviction was against the weight and sufficiency of the evidence, because the state did not prove that she had knowingly stabbed Fitzhugh with a box cutter. Furthermore, McClendon urges this court to reverse her conviction because she acted in self-defense.
 {¶ 2} We do not find merit in McClendon's contentions that the evidence was insufficient to convict her or that it weighed against the conviction. Furthermore, we conclude that a rational factfinder could have found that McClendon had not proved by a preponderance of the evidence that she acted in self-defense. For these reasons, the judgment of the trial court is affirmed.
 I. He said, She said {¶ 3} There are two different versions of the events. Since both are relatively simple, we provide each account. In either case, the altercation stemmed from occurrences that began on New Year's Eve 2004 and culminated on January 1 in the morning hours.
 {¶ 4} McClendon maintained that her husband and Fitzhugh were in Fitzhugh's apartment early on the evening of December 31 drinking alcohol. She testified that she went down the hall to another neighbor's apartment and had a few alcoholic beverages as well. Sometime around 2:30 AM, McClendon stated, she went to her car to retrieve her cigarettes. On the way to her vehicle, she alleged, she was cornered by an intoxicated Fitzhugh. McClendon testified that Fitzhugh hit, kicked, and pushed her up against a concrete wall. Because she could not escape, she used a box cutter to defend herself and stabbed Fitzhugh in the shoulder.
 {¶ 5} Fitzhugh told a slightly different version of the events. He maintained that when he came home that evening, McClendon and her husband were having a domestic dispute. Fitzhugh testified that the husband was trying to calm down in his apartment. Later in the evening, Fitzhugh stated, McClendon came to his apartment, wanting to resume the argument with her husband. Fitzhugh asked both of them to leave. Moments later, McClendon returned with a box cutter and stabbed Fitzhugh while using a racial slur. Fitzhugh maintained that he only pushed McClendon after he was stabbed.
 {¶ 6} Fitzhugh called 911, and police and emergency medical personnel responded. He was taken to the hospital and received six stitches between his left shoulder and chest.
 {¶ 7} The trial court found McClendon guilty of assault and sentenced her to 180 days' confinement, with 160 days suspended. The trial court granted a stay and placed her on community control pending this appeal.
 {¶ 8} McClendon now raises two assignments of error: (1) that the trial court erred when it denied McClendon's Crim.R. 29(A) motion for an acquittal, and (2) in a combination assignment of error, that the evidence at trial was insufficient to convict her of assault, that the conviction was against the manifest weight of the evidence, and that the evidence demonstrated that McClendon had acted in self-defense.
 II. Crim.R. 29(A) Motion; Sufficiency and Weight of the Evidence {¶ 9} The standard of review for a denial of a Crim.R. 29(A) motion to acquit is the same as the standard of review for sufficiency of the evidence. A motion for a judgment of acquittal should not be granted when reasonable minds can reach different conclusions as to whether each element of the crime charged has been proved beyond a reasonable doubt.[2]
 {¶ 10} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the state and determine whether such evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt.[3]
 {¶ 11} A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[4]
We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[6]
 {¶ 12} In the present case, McClendon was convicted of assaulting Fitzhugh. The assault statute prohibits a person from knowingly causing or attempting to cause physical harm to another. A person acts knowingly when she is aware that her conduct will "probably cause a certain result or will probably be of a certain nature."[7]
 {¶ 13} The state offered the testimony of Fitzhugh and the arresting officer. McClendon testified herself and also called two neighbors who had heard the commotion. The testimony resulted in differing versions of how McClendon came to stab Fitzhugh. But there was no disagreement about the stabbing itself — McClendon admitted to stabbing Fitzhugh with a box cutter.
 {¶ 14} We conclude that a rational factfinder, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that McClendon had committed assault. Therefore, the evidence presented was legally sufficient to sustain McClendon's conviction. The trial court also did not err in overruling her Crim.R. 29(A) motion.
 {¶ 15} While McClendon presented a different scenario of events and maintains her belief that she acted in self-defense, our review of the record does not persuade us that the trial court clearly lost its way and created a manifest miscarriage of justice in finding McClendon guilty of assault. Therefore, the conviction was not against the manifest weight of the evidence.
 IV. Self-Defense {¶ 16} Self-defense is an affirmative defense, and the defendant must prove it by a preponderance of the evidence.[8] In order to prove self-defense, the defendant must prove (1) that he was not at fault in creating the violent situation; (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm; and (3) that his only means of escape was the use of force.[9] Because of the third element, a defendant claiming self-defense must ordinarily also prove that he retreated or avoided the danger if at all possible.
 {¶ 17} In this case, the evidence regarding the elements of self-defense conflicted. McClendon maintained that Fitzhugh created the violent situation, while Fitzhugh testified that he was merely trying to console McClendon's husband after a marital argument. It was up to the trial court to weigh the credibility of these witnesses. We conclude that a rational factfinder could have found that McClendon did not prove by a preponderance of the evidence that she had acted in self-defense.
 {¶ 18} Thus, we overrule McClendon's assignments of error and affirm her conviction for assault.
Judgment affirmed.
Gorman, P.J., and Hendon, J., concur.
[1] R.C. 2903.13(A).
[2] See Crim.R. 29; see, also, State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[3] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[4] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.
[5] Id., citing Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211.
[6] Id.
[7] R.C. 2901.22.
[8] R.C. 2901.05(A); see, also, State v. Williford (1990),49 Ohio St.3d 247, 249, 551 N.E.2d 1279.
[9] Williford, 49 Ohio St.3d at 249, 551 N.E.2d 1279, citingState v. Robbins (1979), 58 Ohio St.2d 74, 388 N.E.2d 755, paragraph two of the syllabus.