OPINION *Page 2 
{¶ 1} Defendant-Appellant, Colleen Beatley (nka Block), appeals from the trial court's decision denying her motion to transfer venue to Collier County, Florida. Plaintiff-Appellee is Appellant's ex-husband, Jack K. Beatley.
 {¶ 2} The parties have had a long, litigious history, beginning with their divorce which occurred in 1998. Appellant and Appellee are the parents of sixteen-year-old twin daughters, A.B., and V.B., who were born on August 1, 1992. The parties were divorced in Florida in 1998. At that time, Appellant consented to "stand mute with respect to asserting UCCJA subject matter jurisdiction."
 {¶ 3} Following the finalization of the divorce, Appellee filed a complaint in the Delaware County Common Pleas Court, Juvenile Division, for custody of the girls and for child support. That case proceeded to trial and on March 1, 1999, the trial court ordered that Appellant be residential parent of the twin girls. The court found that Appellant had good cause and motivation to avoid living in central Ohio, as she experienced a great deal of aggravation after separating from Appellee. The parties had a history of extensive conflict, including physical confrontation, surveillance, searching of Appellant's trash, and Appellant receiving cockroaches in the mail. Beatley v. Beatley (April 25, 2000), 5th Dist. No. 99CAF10052. The court further concluded that Appellant's marriage to Jarrod Block was healthy and stable, and the court would not require her to move back to Ohio. The court concluded that it was in the best interest of the children to live with their mother in Florida. The court ordered all parties into counseling for the benefit of the children, stating that the parties needed to take steps to *Page 3 
normalize their relationship. The court specifically found that termination of all litigation would be essential. Id.
 {¶ 4} On September 8, 1999, Appellee filed a motion to modify custody. The trial court overruled the motion without a hearing. Appellee filed an appeal with this court, arguing that the trial court erred in denying his motion because a change in circumstances had occurred. This Court found Appellee's argument to be without merit and affirmed the decision of the trial court, finding that the trial court did not abuse its discretion in refusing to modify the custody determination a mere six months after its original custody determination. Beatley v.Beatley, 5th Dist. No. 99CAF03016.
 {¶ 5} Appellee also filed a motion for temporary custody on June 8, 1998. Subsequent to that filing, the trial court appointed a guardian ad litem for the children. Throughout the course of those proceedings, Appellant filed several fee applications, all of which were approved by the trial court.
 {¶ 6} On January 13, 2003, Appellant filed a Motion for Approval of Fees for services from March, 2002, through November, 2002. Appellee filed a Memorandum Contra. The trial court awarded Appellant's fee request in the amount of $1,185 and ordered both parties to pay one half of the fee prior to January 31, 2003. Appellee filed an appeal from the trial court's decision, arguing that the trial court erred in approving Appellant's application for fees because Appellant failed to act in the best interest of the children. This court affirmed the trial court's decision in Beatley v. Beatley, 5th Dist. No. 03CAF02010, 2003-Ohio-4375.
 {¶ 7} In February, 1998, Appellee filed a complaint in the Franklin County Court of Common Pleas against Appellant, seeking partition of four properties in which it was *Page 4 
alleged that Appellant and Appellee each owned an undivided one-half interest. This litigation proceeded through to trial in July and August, 2003. On April 15, 2004, the trial court rendered a decision, from which Appellee appealed. Appellant also appealed from the judgment. On April 21, 2005, the Tenth District Court of Appeals rendered its decision, affirming the trial court in part and reversing in part. See Beatley v.Beatley, 160 Ohio App.3d 600, 2006-Ohio-1846, 828 N.E.2d 180. Appellee then appealed to the Ohio Supreme Court, but jurisdiction was declined on October 5, 2005. Beatley v. Beatley, 105 Ohio St.3d 1534,2005-Ohio-5146, 835 N.E.2d 383.
 {¶ 8} On February 1, 2005, in the midst of all of this pending litigation, Appellant, who has resided in Florida with the minor children since January, 1998, filed a Motion to Transfer Venue concerning the parental rights and responsibilities of the children to the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida. An evidentiary hearing was held on March 13-13, 2006, and August 21-22, 2006. The parties filed post-trial proposed findings of fact and conclusions of law.
 {¶ 9} Almost two years later, the trial court issued a decision and judgment entry, denying Appellant's motion. On May 16, 2008, Appellant filed a motion pursuant to Civ. R. 52 seeking separate findings of fact and conclusions of law regarding the trial court's disposition of the motion. On July 7, 2008, the trial court issued a supplemental judgment entry order that Appellee's proposed Findings of Fact and Conclusions of Law, which had been filed on February 27, 2007, be incorporated into the trial court's initial May 12, 2008, judgment entry as a supplement to that entry.
 {¶ 10} It is from that entry that Appellant now appeals, raising one Assignment of Error: *Page 5 
 {¶ 11} "I. THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, IN DENYING APPELLANT'S MOTION TO TRANSFER VENUE WHEN THE FACTORS CONTAINED IN THE UCCJA, R.C. 3109.25(C), OVERWHELMINGLY SUPPORT TRANSFER AS BEING IN THE BEST INTEREST OF THE PARTIES' CHILDREN."
 I. {¶ 12} In her sole assignment of error, Appellant argues that the trial court abused its discretion in denying her motion to transfer venue. Appellant argues that the trial court did not adequately consider the factors set forth in R.C. 3109.25(C), the Uniform Child Custody Jurisdiction Act ("UCCJA"), and that instead, the trial court improperly relied upon the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which is contained in R.C. 3127.01 et seq. and which was enacted subsequent to the filing of Appellant's motion to transfer. While we find some merit to Appellant's arguments, we cannot find, given the trial court's reasoning, that the trial court abused its discretion. We would note at the outset, however, that if the trial court would have ruled on this motion in a timely manner, instead of waiting two years to make a ruling, our decision would likely have been different.
 {¶ 13} Because this matter involves an appeal of the determination of the trial court to deny Appellant's motion filed under the UCCJA, an abuse of discretion standard applies. An abuse of discretion connotes "more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} It is uncontested by both parties that the law governing Appellant's motion is the UCCJA, found in R.C. 3109.21 through R.C. 3109.37. The UCCJA was repealed *Page 6 
on April 11, 2005, when Ohio enacted the UCCJEA, codified at R.C. 3127.01 et seq. The UCCJEA specified that it was to have a prospective application only. Ohio Revised Code 3127.53 states, "A motion or other request for relief made in a parenting or child custody proceeding or to enforce a parenting or child custody determination that was commenced before the effective date of this section is governed by the law in effect at the time the motion or other request was made." See alsoIn re D.H., 8th Dist. No. 89219, 2007-Ohio-4069; see alsoSnowberger v. Wesley, 9th Dist. No. 22431,2005-Ohio-3628. Because Appellant's motion was filed on February 1, 2005, prior to the effective date of the UCCJEA, the UCCJA applies.
 {¶ 15} Pursuant to R.C. 3109.25, the UCCJA provides that a trial court should consider the following when determining whether Ohio is an inconvenient forum for parenting and custody determinations. Specifically, R.C. 3109.25 provides, in pertinent part, as follows:
 {¶ 16} "(A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
 {¶ 17} "(B) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
 {¶ 18} "(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors: *Page 7 
 {¶ 19} "(1) If another state is or recently was the child's home state;
 {¶ 20} "(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 {¶ 21} "(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 {¶ 22} "(4) If the parties have agreed on another forum that is no less appropriate."
 {¶ 23} We agree with Appellant that the first three factors listed in R.C. 3109.25 weigh in favor of transfer to Florida. Florida has been the childrens' home since 1998. Moreover, Florida has a closer connection with the children and their custodial parent. The children go to school in Florida, reside with their mother in Florida, receive their medical care in Florida, and have maximum contacts in Florida. We also believe that substantial evidence concerning the children's present and future care, protection, training, and personal relationships are most likely more readily available in Florida.
 {¶ 24} However, R.C. 3109.25 does permit a court to take into consideration "other factors" and determine whether it is in the best interest of the children for another state to assume jurisdiction. Given the fact that only one year and a couple of months remain before the children turn 18, we cannot find that it would be in the best interests of the children to transfer this case to Florida.
 {¶ 25} As both parties and the court have acknowledged, this case is mired with lengthy and frequent litigation. Since 1998, Appellee and his family have filed three separate actions alone regarding custodial issues, which have resulted in the accumulation of over 16 files full of information regarding the care of these children and *Page 8 
the relationship of the parties. The same attorneys have represented both parties throughout the entirety of this litigation process and the same court has presided over this case throughout.
 {¶ 26} To transfer this case to a different jurisdiction now, where new attorneys would have to take over and familiarize themselves with the lengthy history between these parties, where a new court would have to familiarize itself with volumes of records, and where there are only approximately fifteen months until the children are emancipated, would not be in the best interests of the children. It would conceivably take that entire period of time for new attorneys and a new judge to familiarize themselves with the case.
 {¶ 27} As we stated previously, had the trial court ruled on this motion in a timely manner, rather than waiting two years to make a determination, we believe that Wonderly, supra, would be binding upon this court to transfer the case to Florida. The children inWonderly, at the time of the Supreme Court's decision, were approximately ten and eleven years old, giving the Indiana-based guardians eight additional years in which they could be subjected to an inconvenient forum in Ohio should the Wonderlys' grandparents choose to contest custody again. In the present case, that extended time frame is not present.
 {¶ 28} Moreover, while the trial court could not specifically rely on the UCCJEA to make its determination in this case, nothing prohibited the trial court from considering other relevant factors, even if those factors mirror those contained within the UCCJEA.
 {¶ 29} "The UCCJA contemplates that more than one state may meet the jurisdictional requirements; however, the purpose of the act is to limit jurisdiction, not to *Page 9 
proliferate it. In re Wonderly (1981), 67 Ohio St.2d 178, 184. The main concern is whether the forum exercising jurisdiction is in the best interest of the child. The best interest is served when the forum which has the optimum access to the relevant information concerning the child and family exercises jurisdiction." Hughes v. Hughes (June 11, 1997), 10th Dist. No. 95AP-1570. Given that such a short period of time remains prior to the legal emancipation of the juvenile children, we believe that the trial court was correct in determining that it had optimum access to the relevant information concerning the children and the family.
 {¶ 30} Finally, Appellant agreed not to invoke the UCCJA with respect to visitation and custody issues. Specifically, the agreement between the parties stated, "This visitation schedule will remain in effect until a determination of UCCJA subject matter jurisdiction is made and a corresponding court of competent jurisdiction enters a superseding order. The Mother shall stand mute with respect to asserting UCCJA subject matter jurisdiction." Appellant did not contest this contention in her brief or her reply brief. Appellant also received a benefit from this agreement, as she received an uncontested divorce decree in exchange for agreeing not to contest Ohio's jurisdiction with respect to unresolved custody and property issues. The trial court adopted these facts from Appellee's proposed Findings of Fact and Conclusions of law and as such, determined that Ohio was an appropriate forum in which to determine all custody matters. *Page 10 
 {¶ 31} Based on the foregoing analysis, Appellant's assignment of error is overruled and we affirm the decision of the Delaware County Court of Common Pleas, Juvenile Division.
By: Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant. *Page 1