[Cite as *State v. Crawford*, 2011-Ohio-3000.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,                                        CASE NO. 1-10-62

   PLAINTIFF-APPELLEE,

 v.

RAE'MON CRAWFORD,                                     O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2010 0111

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  June 20, 2011

APPEARANCES:

   *Kenneth J. Rexford,* **for Appellant**

   *Christina L. Steffan* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Rae-Mon L. Crawford ("Crawford") brings this appeal from the judgment of the Court of Common Pleas of Allen County. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On March 10, 2010, Crawford entered Cash's Carryout. As Tyson Henderson ("Henderson") approached the door of the store, Crawford opened the door and shot at Henderson. Crawford then ran from the scene. The entire event was caught on the store's video surveillance system.

{¶3} On April 15, 2010, the Allen County Grand Jury indicted Crawford on one count of attempted murder with a firearm specification, one count of felonious assault with a firearm specification, and one count of carrying a concealed weapon. Crawford entered pleas of not guilty to all of the charges. On August 9, 2010, a jury trial was held. The jury found Crawford guilty of all counts. Since the attempted murder charge and felonious assault charges were allied offenses of similar import, the State chose to proceed with sentencing on the attempted murder charge. The trial court then sentenced Crawford to ten years in prison for the attempted murder with an additional three years for the firearm specification and to eighteen months in prison for carrying a concealed weapon. The sentences were ordered to be served consecutively. In addition, the trial court imposed an eighteen month prison sentence for Crawford's violation of community control in

case number CR2009-0070, and ordered that sentence to be served consecutively for a total prison term of sixteen years. Crawford appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The verdict form and the resulting entry were insufficient under R.C. 2945.75 to support [Crawford's] conviction and sentence for Count III, carrying a concealed weapon, as a felony of the fourth degree as reflected in the entry.**

### Second Assignment of Error

**The trial court erred by denying the sua sponte criminal rule 29(A) motion of the defense as to Count III, carrying a concealed weapon.**

### Third Assignment of Error

**[Crawford] was denied effective assistance of counsel as to Counts I and II (attempted murder and felonious assault).**

### Fourth Assignment of Error

**The verdict for Count III was against the manifest weight of the evidence.**

### Fifth Assignment of Error

**The verdict for Count III was not supported by sufficient evidence.**

{¶4} The assignments of error will be addressed out of error for purposes of clarity.

{¶5} In the first assignment of error, Crawford alleges that the verdict form was insufficient to support his conviction for a felony carrying a concealed weapon.

> **When the presence of one or more additional elements makes an offense one of more serious degree:**
>
> **\* \* \***
>
> **(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.**

R.C. 2945.75(A). The Supreme Court of Ohio has determined that R.C. 2945.75 requires that any statutory language which enhances or increases the level of a criminal offense must be recited in the verdict form. *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. The charge set forth in Count III was a felony of the fourth degree because it alleged that the concealed weapon was a firearm that was either loaded or for which ammunition was ready at hand. R.C. 2923.12(A)(2), (F)(1). If the firearm was not loaded and there was no ammunition readily available, the charge is only a misdemeanor of the first degree. Id.

{¶6} The State concedes that in this case the verdict form returned by the jury as to Count III did not contain the language necessary to set forth the degree of the offense or the elements necessary to make the charge a fourth degree felony. The verdict form merely stated that the Crawford was guilty of carrying a

concealed weapon as charged in the indictment. Thus, the State agrees that the verdict form was only sufficient to convict Crawford of the first degree misdemeanor charge of carrying a concealed weapon. We agree. For this reason, the first assignment of error is sustained.

{¶7} Crawford alleges in the second assignment of error that the trial court erred in denying his Criminal Rule 29 motion for an acquittal as to Count III. In the fifth assignment of error Crawford alleges that the verdict for Count III was not supported by sufficient evidence. The standard of review in both of these situations is the same: the judgment of the trial court shall not be reversed if, viewing the evidence in a light most favorable to the State, reasonable minds could conclude that all elements of the offense have been proven beyond a reasonable doubt. *State v. McClendon*, 1st Dist. No. C-050274, 2006-Ohio-1846, ¶9 (citing *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184 and *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492). Since the standard of review is the same, we will review these two assignments of error together.

{¶8} To prove that Crawford was guilty of carrying a concealed weapon as charged in the indictment, the State had to prove that he knowingly carried, concealed on his person, a handgun that was either loaded or that had ammunition readily available.[1] R.C. 2923.12. A review of the record reveals that State's

---

[1] This court notes that due to the improper verdict forms, Crawford was convicted of the first degree misdemeanor of carrying a concealed weapon, not the fourth degree felony.

Exhibit 1 was the surveillance video from Cash's Carryout. The video shows Crawford in the store from separate angles. No weapon is seen in the video. The video also shows Henderson approach the door from the outside and Crawford approaching from the inside. Crawford then opens the door, raises the gun and shoots Henderson multiple times. David Smith went into the store before the shooting and saw Crawford. He did not testify that he saw Crawford holding a weapon. Viewing the evidence in a light most favorable to the State, a reasonable juror could conclude that Crawford had knowingly carried a concealed, loaded firearm that he then used to shoot Henderson. Thus, the trial court did not err in overruling the motion for an acquittal.[2] The second assignment of error is overruled.

{¶9} In addition to the above testimony, Crawford took the stand and testified that he had a gun in his pocket when he went into the store. He also admitted that he used that gun to shoot twice at Henderson. Given this additional evidence, the evidence is more than sufficient to support the conviction of Crawford for carrying a concealed weapon. The fifth assignment of error is overruled.

{¶10} For the fourth assignment of error, Crawford claims that the judgment as to Count III of the indictment is against the manifest weight of the evidence.

---

[2] Since the evidence was sufficient to support a conviction on the fourth degree felony, absent the erroneous verdict forms, the evidence is also sufficient to prove the misdemeanor charge which would not require the State to prove that the weapon was loaded.

Unlike sufficiency of the evidence, the question of manifest weight of the evidence does not view the evidence in a light most favorable to the prosecution.

> **Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.***"**

*State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (citing Black's Law Dictionary (6 Ed.1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court acts as a thirteenth juror, it still must give due deference to the findings made by the jury.

> **The fact-finder, being the jury, occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness' reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.**

*State v. Thompson* (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.

{¶11} As discussed above, there was ample evidence provided, including the testimony of Crawford himself, that he was carrying a loaded firearm in his pocket. Crawford admitted doing so, but said he was carrying it for protection.

The handgun was clearly loaded as it was used to shoot Henderson.[3]  Thus, the conviction as to Count III was not against the manifest weight of the evidence and the fourth assignment of error is overruled.

**{¶12}** The third assignment of error raised by Crawford is that he was denied effective assistance of counsel.  "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano,* 96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different.  Id. at ¶ 108.  *State v. Baughman*, 3d Dist. No. 1-10-34, 2010-Ohio-4951.

**{¶13}** Generally, debatable trial tactics do not constitute ineffective assistance of counsel.  *State v. Phillips* (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643.  The decision whether to call a witness is within the realm of trial tactics and will not be reversed absent a showing of prejudice.  *State v. Williams* (1991), 74 Ohio App.3d 686, 695, 600 N.E.2d 298.  Here, Crawford claims that counsel was ineffective for failing to call a Jatavan Dukes ("Dukes") as a witness to testify that Henderson had a gun.  Dukes had previously given a statement to the police that

---

[3] Again, this court recognizes that the element of the gun being loaded is not needed to support a conviction for the misdemeanor, but would be necessary to meet the charges raised in the indictment.

after the shooting, he removed a weapon from Henderson and that the weapon was of the same caliber as some of the shell casings at the scene. Although this court can see how this testimony would initially be useful to a self-defense claim, there is nothing in the record to indicate that Dukes would have testified this way in court. The substance of Dukes' testimony, as claimed by Crawford, would have shown that Henderson had a weapon on his person. It would not have shown that Henderson had the weapon out and it would not have shown that he instigated the violence. Counsel for Crawford inferred that Henderson was armed. Crawford testified that Henderson pointed the gun at him first. There was also testimony that multiple shell casings from guns of two separate calibers were found at the scene. The State, on rebuttal, presented testimony that Henderson was right handed and that he opened the door with his right hand. The videotape showing Henderson approaching the door was shown to the jury. The videotape, which was reviewed by this court, showed that Henderson was not pointing a weapon at the time Crawford shot him. Given all of this evidence, Crawford fails to show how Dukes testimony that Henderson had a weapon on his person created a situation that required him to use deadly force any more than the evidence already presented. Thus, Crawford has failed to make a showing of prejudice and the third assignment of error is overruled.

{¶**14**} The judgment of the Court of Common Pleas of Allen County is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings.

*Judgment Affirmed in Part, Reversed in Part*
*and Cause Remanded*

**ROGERS, P.J. concurs, PRESTON, J., concurs in Judgment Only.**
**/jnc**